704 P.2d 1100

**JOSEPH E. MONTOYA AND ASSOCIATES, Plaintiffs-Appellants,**

v.

**STATE of New Mexico; State of New Mexico Department of Human Services; Joe Goldberg, Secretary of Department of Human Services; Denise Fort, Secretary of Department of Finance and Administration; Peter Pence, Director of Management and Contract Division, Department of Finance and Administration, Defendants-Appellees.**

No. 15749.

Supreme Court of New Mexico.

Aug. 15, 1985.

---

Deaton & Twohig, R. Raymond Twohig, Jr., William W. Deaton, Jr., Albuquerque, for appellants.

Paul Bardacke, Atty. Gen., Carol A. Baca, Asst. Atty. Gen., Gerald Gonzales, Gen. Counsel, Santa Fe, for appellees Fort and Pence.

Ellen Pinnes, Richard R. Rubin, Asst. Attys. Gen., Santa Fe, for appellee Goldberg.

## OPINION

STOWERS, Justice.

Joseph E. Montoya & Associates (Montoya) filed suit in district court naming as defendants the State of New Mexico, the New Mexico Human Services Department (HSD), and three state officials acting in their official capacities. These officials were Joseph Goldberg (Goldberg), secretary of HSD; Denise Fort, secretary of the New Mexico Department of Finance and Administration (DFA); and Peter Pence, Director of the Management and Contracts Review Division of DFA. The complaint alleged breach of contract and sought a declaratory judgment and damages. Defendants denied the existence of a contract and moved for dismissal on the grounds

that the complaint failed to state a claim upon which relief could be granted. The district court granted defendants' motion and dismissed the action with prejudice prior to trial. Montoya appeals. We affirm the district court.

The pertinent facts are as follows. On December 28, 1982, Lawrence Ingram, then secretary of HSD, signed a purchase of service contract with Montoya. Montoya had already signed the contract on December 27, 1982. Lucy Delgado of the Taxation and Revenue Department also signed the contract on December 28, 1982. However, before the DFA's contract officer could sign the contract, Goldberg was appointed the new secretary of HSD. Goldberg requested DFA to withhold signing the contract pending further review by his department. After reviewing the contract, Goldberg declined to enter into the contract with Montoya. As a consequence of Goldberg's refusal to consummate the contract, Montoya filed suit seeking a declaratory judgment finding that there was a binding contract between HSD and Montoya, and that HSD breached the contract causing Montoya to incur damages.

Montoya raises two grounds on appeal: (1) the complaint sets forth a claim under New Mexico law, and (2) the complaint sets forth a claim for which relief can be granted under traditional contract principles. Neither point, however, has merit.

■ There was no contract under New Mexico law because approval by the DFA contracts officer is required before a contract with a state agency becomes effective or binding.

This is set forth in N.M. Dept. of Finance and Administration Rule 78–2, Section 5 (Rev. July 1, 1978), which states:

No contract for services * * * with any state agency required to submit its contracts through the Department of Finance and Administration shall be effective or binding *until approved by the contracts officer.* (Emphasis added.)

Rule 78–2 derives its authority from NMSA 1978, Section 6–5–3 (Repl.Pamp. 1983), which states:

Before any vouchers or purchase orders are issued or contracts are entered into involving the expenditure of public funds by any state agency, the authority for such proposed expenditure shall be determined by the financial control division.

Authority for Rule 78–2 is also derived from NMSA 1978, Section 9–6–5(E) (Repl. Pamp.1983), which allows the Secretary of DFA to "make and adopt such reasonable administrative and procedural rules and regulations as may be necessary to carry out the duties of the department."

The fact that New Mexico law requires DFA approval before a contract with a state agency becomes effective or binding is further supported by a reading of Article 5, the Financial Control section, NMSA 1978, Sections 6–5–1 to –9 (Repl.Pamp. 1983), and Article 6, the Local Government Finances section, NMSA 1978, Sections 6–6–1 to –18 (Repl.Pamp.1983), which make it clear that the Legislature intended DFA to have significant control over the expenditure of public monies.

■ Even without consideration of New Mexico law requiring DFA approval of state agency contracts, a contract never came into being under traditional contract principles. Part of the bargain between HSD and Montoya was that the proposed contract would not become effective unless and until DFA approval was obtained. This is evidenced from an examination of the Purchase of Service Contract under Article 1, Period of Contract, which states:

This agreement shall become effective on January 1, 1983, *or upon approval by the Department of Finance and Administration, whichever is later.* * * * (Emphasis added.)

Because this condition precedent was not satisfied, no contract came into being. "When * * * two parties execute a contract with the understanding that the approval of a third party is necessary for the agreement to take effect, the contract is not complete [and binding] until the third party has approved." *Wyrsch v. Milke,* 92 N.M. 217, 220, 585 P.2d 1098, 1101 (Ct.App. 1978) (quoting *Santa Clara-San Benito Chapter, National Electrical Contractors' Association v. Local 332, International Brotherhood of Electrical Workers,* 40 Cal.App.3d 431, 114 Cal.Rptr. 909, 912 (1974)).

Finally, as pointed out in NMSA 1978, Section 37–1–23(A), "Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."

In this case there was no valid contract. Without a valid contract there can be no breach, and thus no cause of action.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

SOSA, Senior J., and WALTERS, J., concur.