EBEL, Circuit Judge,
dissenting
I disagree with the majority’s conclusion that the settlement outline fails for lack of consideration. In my view, the promise of the City and County attorneys to recommend ratification of the settlement constitutes sufficient third-party consideration to support an agreement. I therefore respectfully dissent.
The cases relied upon by the majority are not persuasive under the facts presented by this case. First, the majority notes that the New Mexico Supreme Court has held that, absent emergency circumstances or preauthorization, an attorney may not “ ‘compromise his client’s cause of action.’ ” Augustus v. John Williams & Assocs., Inc., 92 N.M. 437, 589 P.2d 1028, 1030 (1979) (quoting Hayes v. Eagle-Picher Indus., Inc., 513 F.2d 892, 893 (10th Cir.1975)); see Majority Opinion at n. 3. The Augustus case, however, does not describe the situation we are presently addressing. In the case at bar, the lawyers merely supplied valid third-party consideration in the form of a promise to recommend the settlement to their clients.[1] They did not, *1194 as the Augustus case prohibits, affirmatively bind the City or County or otherwise compromise their interests. Rather, they made a promise that induced the Heusers to agree to the settlement.
The majority also cites cases for the proposition that “where the purported promise to perform actually leaves it to the discretion of the promisor, the alleged promise is illusory and not consideration as a matter of law.” Majority Opinion at 13 (citing Board of Educ. v. Hamilton Constr. Co., 119 N.M. 415, 891 P.2d 556, 561 (App.1994); Acme Cigarette Servs., Inc. v. Gallegos, 91 N.M. 577, 577 P.2d 885, 889 (App.1978)).[2] This discussion likewise overlooks the presence of third-party consideration in the present case. Although the City retained the option of either approving or rejecting the proposed settlement, the attorneys obligation to recommend the settlement was firm and definite.
I would conclude that the attorneys promise to recommend the settlement was sufficient consideration supporting the settlement agreement. It is well-settled that consideration may flow from a third-party. See Restatement (Second) of Contracts § 71(4) (“The performance or return promise may be given to the promisor or to some other person. It may be given by the promisee or by some other person.”) (emphasis added); 2 Corbin on Contracts § 5.11 (1995 Rev. Ed.) (“[I]n this country it is indisputable that the consideration need not move from the promisee”).
The majority seeks to dismiss the value of the attorneys’ promise as consideration “because the attorneys promised to do that which they were as counsel separately entitled to do — make a recommendation to the City and County.” Majority Opinion at 15. The majority then explicitly “assume[s] that the attorneys promised to recommend the settlement to their clients because, in the exercise of their independent judgment and adhering to their ethical obligation of loyalty to their clients, the attorneys had concluded that it was in their clients’ best interests to approve the settlement.” Id. This reasoning is misguided. The attorneys had an ethical and professional obligation to present the settlement to their clients, but they were under no duty to affirmatively recommend it. Furthermore, the assumption that the attorneys must have concluded that it was in their clients’ best interest to accept the settlement is unfounded. The attorneys may very well have concluded that this was the best settlement offer that they could negotiate with the Heusers, but that it was perhaps still too generous. Whatever tension might exist between the lawyers’ promise to recommend the settlement and their professional obligation not to advise a client to accept an undesirable settlement does not alter the fact that the attorneys are not obligated to affirmatively recommend every settlement offer presented to their clients.
Here the Heusers obtained a clear commitment from the City’s and County’s attorneys to recommend the settlement for adoption. That commitment was an obvious benefit to the Heusers, as it would greatly facilitate the likelihood that the City and County would approve the settlement. It was similarly a detriment to the attorneys, who thereby diminished their *1195 own options. Whatever implication this may have had as between the City and County and its attorneys is of no consequence to the Heusers. From the Heu-sers’ perspective, the commitment by the City’s and County’s attorneys was clear and valuable consideration, and in my opinion, it supports the settlement agreement.
Thus, I would find that the attorneys’ promise represented valid third-party consideration supporting the agreement. I respectfully dissent.

. The majority opinion dismisses the possibility that the attorneys supplied third-party consideration because, the opinion states, the parties have chosen to characterize the attorneys as agents of the City and County. However, even assuming that the attorneys did not act both as agents for the City and County and as third parties, the majority’s point is misguided. If acting as agents, then the attorneys’ promise affirmatively to recommend *1194 the settlement is direct consideration flowing from the promisee. The fact remains that the Heusers bargained for this affirmative act by the attorneys, and it was a meaningful restraint on the attorneys’ freedom which constitutes adequate consideration, regardless of whether it is viewed as third-party consideration or party consideration.

. I also note that the majority’s reliance on Joseph E. Montoya & Assocs. v. State of New Mexico, 103 N.M. 224, 704 P.2d 1100 (1985) is misplaced because that case is plainly distinguishable from the present facts. The alleged agreement in Montoya contained a explicit provision stating that the agreement was not to become effective until "January 1, 1983, or upon approval by the Department of Finance and Administration, whichever is later.” Id. at 1102. The outline at issue in the case at bar contains no such language, and that case did not involve third-party consideration as is the case here.