IKE STERN *vs.* OLD COLONY TRUST COMPANY, executor.

Suffolk.   April 14, 1931. — September 10, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Broker,* .Commission.

At the trial of an action by a real estate broker for a commission for procuring a purchaser of property of the defendant, there was evidence that the plaintiff was asked by the defendant to find a purchaser at a certain price and on certain terms; that he found one who was ready to purchase at such price and terms, and received from him a check as a deposit; that the defendant instructed the plaintiff to hold the check until he returned from an intended trip, when "we will do business"; that later the defendant refused to go on with the sale because he desired to get a higher price. There was no evidence that the defendant ever questioned the readiness, willingness and ability of the proposed purchaser, to fulfill the terms of the purchase. The judge refused to order a verdict for the defendant. There was a verdict for the plaintiff. The defendant alleged exceptions. *Held,* that
   (1) The evidence justified a finding that the defendant admitted the financial ability, the readiness and willingness of the customer; and that he accepted him so far as these qualifications were concerned;
   (2) The refusal to order a verdict was proper.

CONTRACT, originally against Henry L. Kincaide. . Writ dated February 11, 1928.

While the action was pending the defendant died and Old Colony Trust Company, executor of his will, was admitted to defend the action.   Kincaide will be referred to herein as the defendant.

In the Superior Court, the action was tried before *Brown,* J. Material evidence is stated in the opinion. The judge refused to order a verdict for the defendant. There was a verdict for the plaintiff in the sum of $9,240. The defendant alleged exceptions.

*H. F. R. Dolan,* for the defendant.

*D. J. Gallagher,* for the plaintiff, submitted a brief.

WAIT, J.   We find no error in the refusal of the trial

judge to direct a verdict for the defendant. There was evidence to justify finding that the plaintiff was asked to find a purchaser for certain real estate at a price of $375,000, $50,000 in cash and the balance in a mortgage payable in ten years at six per cent interest; that he found a purchaser and received a check for $5,000 as a deposit; that, at the seller's request, he retained the deposit, but eventually returned it, after the seller changed his mind and refused to go on with the transaction. There was no testimony that the seller ever questioned the readiness, willingness and ability of the proposed purchaser to make the necessary payment and to give the mortgage. There was evidence that he had met the purchaser and learned from him that he had purchased adjoining property and proposed building upon it. Although he did not take the deposit check, he instructed the plaintiff to hold it until he returned from an intended trip when "we will do business." There was evidence that the refusal to go on with the sale was due to the seller's desire to get a higher price; that he stated to a witness that "I made a mistake when I gave Ike [the plaintiff] a price for I didn't think he would ever get a customer at that price." Furthermore, when the plaintiff demanded the agreed payment on the ground that he had earned it by producing the customer, the seller urged him to try to get a bigger price but promised to pay the commission; and, at other times, offered smaller sums which the plaintiff refused to take.

There is here evidence to justify a finding that the seller admitted the financial ability, the readiness and willingness of the customer; that he accepted him so far as these qualifications were concerned. The contention of the defendant that the plaintiff had not produced evidence sufficient to require submission to the jury on these matters is not well founded. It makes no other serious contention.

The law is unquestioned that a real estate broker has earned his commission or the agreed price when before the offer is withdrawn he has produced a customer able, ready and willing to purchase on the stipulated conditions of the

offer to the broker or the contract of employment with him. *Whitkin* v. *Markarian*, 238 Mass. 334. *Laidlaw* v. *Vose*, 265 Mass. 500. *Frankina* v. *Salpietro*, 269 Mass. 292.

It follows that the entry must be

*Exceptions overruled.*