593 P.2d 1074

David E. JONES, Plaintiff-Appellee,

v.

NEW MEXICO STATE HIGHWAY DE-
PARTMENT, New Mexico State High-
way Commission, Julian Garcia, Kenneth
L. Towle, Albert N. Sanchez, Robert C.
Martin and James W. Chaney, Defend-
ants-Appellants.

No. 12235.

Supreme Court of New Mexico.

April 30, 1979.

Jeff Bingaman, Atty. Gen., V. Henry
Rothschild, Deputy Chief Counsel, Asst.
Atty. Gen., Santa Fe, for defendants-appel-
lants.

Michael L. Gregory, Las Vegas, for plain-
tiff-appellee.

OPINION

PAYNE, Justice.

David E. Jones brought a breach of con-
tract action against the New Mexico State
Highway Department and State Highway
Commissioners. The complaint was filed in
the District Court in San Miguel County.
The State moved for dismissal asserting
improper venue and insufficient service of
process. The District Court in San Miguel
County transferred the cause to the District
Court in Santa Fe County. The State ap-
pealed.

The controlling issue in this case is
whether an action against a state officer
may be brought in a district court other
than the District Court in Santa Fe County,
in the absence of a waiver of venue by the
state officer.

Section 38–3–1(G), N.M.S.A.1978 states
that "suits against any state officers as
such shall be brought in the court of the
county wherein their offices are located, at
the capitol [capital] and not elsewhere."

The State Highway Commissioners are
state officers within the meaning of this
statute. *See State ex rel. Bureau of Reve-
nue v. MacPherson,* 79 N.M. 272, 442 P.2d
584 (1968); *Tudesque v. New Mexico State
Board of Barber Exam,* 65 N.M. 42, 331

P.2d 1104 (1958). The State Highway Commission's office is located at the state capital in Santa Fe. § 67–3–9, N.M.S.A.1978. The Legislature, in enacting this statute, intended that actions against state officers be brought only in Santa Fe County. *State v. Quesenberry*, 74 N.M. 30, 390 P.2d 273 (1964).

We have held that this venue statute is not to be equated with jurisdiction. *Kalosha v. Novick*, 84 N.M. 502, 505 P.2d 845 (1973). Although in *Kalosha* we held that proper venue may be waived, there is no evidence in this case that the State waived venue. To the contrary, the State moved for dismissal of the action alleging improper venue.

Absent a statute giving it such authority, a trial court has no power to change the venue of a misfiled lawsuit. 1 *Moore's Federal Practice* ¶ 0.146[2], at 1660 (2d ed. 1978). Venue was improper in this case, and the District Court in San Miguel County could not properly issue an order for a change of venue.

We need not discuss the issue of service of process raised by the State.

The trial court is reversed. The matter is remanded with instructions to dismiss the action in the District Court in San Miguel County.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.