617 P.2d 1330

**DIEBOLD CONTRACT SERVICES, INC., Plaintiff–Appellant,**

v.

**MORGAN DRIVE AWAY, INC. and Liberty Mutual Insurance Company, Defendant–Appellee.**

No. 4259.

Court of Appeals of New Mexico.

Sept. 23, 1980.

Pickett & Bates, Las Cruces, for plaintiff—appellant.

Reginald C. Woodard, Albuquerque, for defendant—appellee.

## OPINION

ANDREWS, Judge.

This action was brought after a shipper's merchandise was damaged while being transported by a motor carrier. After the shipper's (Diebold) goods were damaged on July 26, 1976, defendant—carrier gave written notice of its denial of Diebold's claim on November 12, 1976, thereby beginning the running of a two—year contractual limitation period. On July 13, 1977, Diebold filed an action in New York. In a stipulation dated January 13, 1978, the parties agreed to discontinue the New York action without prejudice as to any forum other than New York. Plaintiff did not institute the present action in New Mexico until eleven months later, December 1, 1978. The District Court of Dona Ana County accepted affidavits from both parties on a motion to dismiss based on the running of the contractual limitation period. That court then treated the matter as a motion for summary judgment and dismissed the complaint.

The shipping agreement included a provision which limited the period in which suit might be brought to two years and one day. If this limitation period is effective, the December 1, 1978, filing was two weeks over the allowable time limit. Plaintiff contends, however, that the limitation period created by the contract should be tolled for the period of the pendency of the action in the New York courts due to the stipulation that the action was to be dismissed without prejudice. The issues presented are: (1) in a negligence action against a carrier regulated by the Interstate Commerce Act, 49 U.S.C. §§ 10101 et seq., which law is controlling as to the effect the pendency of a foreign action has on a contractual limitations period—that of the state in which the action is brought, or 49 U.S.C. § 11706 which mandates a two—year limitation in actions involving charges between a regulated carrier and a shipper; and, (2) if New Mexico law is to be applied, does the pendency of an action in another jurisdiction toll a contractual limitation period where the parties entered into a voluntary stipulation dismissing the suit without prejudice?

Since the statutory limitation period is the same as that provided by the contract, the differentiation between limitation periods is not an issue here. However, in order to establish the applicable law—state or federal—we must determine whether the statutory or contractual limitation period controls. It is clear that in New Mexico, a contractual provision as to a limitation on actions will be enforced unless there is a showing that it is against public policy. *Wiseman v. Arrow Freightways, Inc.*, 89

N.M. 392, 552 P.2d 1240 (Ct.App.1976). Thus, the issue before us is whether the limitation period set out in the Interstate Commerce Act precludes enforcement of the contractual period.

An analogous situation was presented in *Minton v. General Shale Products Corp.*, 371 S.W.2d 808, 52 Tenn.App. 60 (1962), where the court examined the nature and extent of the limitation period under the predecessor to § 11706 in response to defendant's assertion that the two–year limitation period provided in Section 304a, Title 49 U.S.C.[1] was applicable. Sec. 304a provides:

> (1) All actions at law by common carriers by motor vehicle subject to this chapter for the recovery of their charges or any part thereof, shall be begun within two years from the time the cause of action accrues and not after.

In that case, like the one before us here, counsel cited no decisions upholding his contention, but argued that *Bottemueller v. Wilson & Co.*, 57 F.Supp. 766 (W.D.Mo. 1944), appeared to support his theory. The Tennessee court disagreed:

> In the *Bottemueller* case, which was decided before Congress passed Sec. 304a, the plaintiff, a contract motor carrier engaged in interstate commerce, brought suit against a shipper to recover the difference between the transportation charges set out in the contract and the published schedules. The defendant moved for a summary judgment on the ground that the action was barred by the three–year limitation placed by the State of Kansas, where the obligation originated, on liabilities created by the statute. In denying the motion, the court said:
>
> * * * the plaintiff in this case was within his rights to sue on the contract. He has done that. *It was his contract and not the statute which created the liability. It was the hauling service that he performed for the defendant and not the statute which gave him the right to claim compensation.* All the statute did was to regulate and fix the amount of compensation to be charged and to forbid the plaintiff from collecting a lesser amount. (Emphasis added.)

371 S.W.2d at 815.

As this language demonstrates, Section 11706 of the Interstate Commerce Act is not intended to establish a uniform statute of limitation for all possible types of claims. The section only restricts the application of the two–year limitation to actions for recovery of charges by common carriers, and does not apply to negligence actions brought by contract motor carriers engaged in interstate commerce. *See Minton v. General Shale Products Corp. supra*, 371 S.W.2d at 815.

More importantly, in the absence of a statutory limitation on actions by contract motor carriers, the limitation on actions growing out of contracts in the state where the obligation originated is controlling. *Minton v. General Shale Products Corp., id.* In the present case, that limitation of actions prescribed by the contract is two years and one day from notice of denial of the claim.

The next question, then, is whether the pendency of an action in another jurisdiction operates to toll the contractual period of limitation where the parties voluntarily stipulate to a dismissal without prejudice and where there is no evidence of fraudulent inducement. In our opinion, such a tolling does not result.

Diebold relies on three decisions to support its contention that the limitation period should have been tolled during the pendency of the New York suit.[2] An analysis of these cases reveals a common element missing in the instant case. In *McLearn v. Hill*, 276 Mass. 519, 177 N.E. 617 (1931), a consolidation of cases was urged by the

---

1. Now Section 11706 of the Interstate Commerce Act of 1978.

2. *United States v. Fidelity and Casualty Company of New York*, 402 F.2d 893 (4th Cir. 1968); *McLearn v. Hill*, 276 Mass. 519, 177 N.E. 617 (1931); *Skipper v. Marlowe Manufacturing Company*, 242 S.C. 486, 131 S.E.2d 524 (1963).

defendant, and when the plaintiff attempted to dismiss and consolidate–the defense asserted the statute of limitations. In that case, as in the other two cited, it is the inducement by one party and the prejudicial reliance by the other party which forms the basis for estoppel. There is nothing in the record before us here to indicate that Diebold was induced to drop the New York suit; nor is there any indication as to why, in the eleven months following the dismissal of the New York action, Diebold failed to file in this state.

█ We believe that the correct rule is stated in 51 Am.Jur. *Limitations of Actions,* § 311.

In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him.

*See Miller v. Smith,* 59 N.M. 235, 282 P.2d 715 (1955); *Griffith v. White,* 259 Ala. 379, 66 So.2d 907 (1953). This analysis is supported by an examination of § 37–1–14, N.M.S.A. 1978 Comp. In drafting Section 37–1–14, which is a "saving statute" designed to alleviate possible injustices which might occur from the limitation periods on resumed actions, the legislature considered the question of when limitation periods should be affected by previous actions. The section is clear. The pendency of an earlier suit will not toll a limitation period, statutory or contractual, unless a continuation is sought, and then the period will be tolled for no more than six months beyond the dismissal date of the first suit if the period would otherwise expire earlier.

Thus, absent an allegation that one party was prejudiced by its reliance on assertions of the other party as to the limitation period, the pendency of the foreign action had no effect on the contractual limitation period in New Mexico.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

WALTERS, J., concurs in result only.