HERSEY, Judge.
The instant appeal is brought from an order dismissing plaintiff/appellant’s complaint on the basis of improper venue. The order, on its face, is a non-final order concerning venue and subject to interlocutory appeal pursuant to Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure. Since it is a non-final order, plaintiff’s petition for rehearing, although timely, was not authorized and therefore did not operate to toll the thirty day period for filing a notice of appeal. Fla.R.App.P. 9.020(g) and Fla.R. Civ.P. 1.530. For a conflicting view see Grice v. Board of County Commissioners of Madison County, 400 So.2d 801 (Fla. 1st DCA 1981).
Plaintiff expresses concern that the dismissal is, in effect, with prejudice because the statute of limitations expired after the original complaint was filed. However, plaintiff’s subsequent complaint filed in Leon County (the proper venue) should be treated as an amended complaint (amended to reflect the correct venue) for application of the statute of limitations. Thus, the date of the second complaint would relate back to that of the original complaint so that the cause of action would not be barred by the statute of limitations. Fla.R. Civ.P. 1.190(c).
Because the notice of appeal was filed more than thirty days after rendition of the order at issue, the appeal is dismissed as being untimely.
BERANEK and DELL, JJ., concur.