760 P.2d 155

**Bobbye BRACKEN, as Personal Representative of the Estate of James Edward Bracken, Deceased, Petitioner,**

v.

**YATES PETROLEUM CORP., Employer, and Zurich Insurance Co., Insurer, Respondents.**

No. 17331.

Supreme Court of New Mexico.

Aug. 26, 1988.

Bette R. Velarde, JoAnne Holland, Albuquerque, for petitioner.

Civerolo, Hansen & Wolf, Ellen M. Kelly, Terrance P. Yenson, Albuquerque, for respondents.

**OPINION**

RANSOM, Justice.

This case is before the Court on writ of certiorari to the court of appeals which had affirmed the dismissal of a worker's compensation claim filed in an improper venue. James Bracken suffered a fatal heart attack at his worksite while performing duties for his employer, Yates Petroleum Corp. It is uncontroverted that the injury occurred in Santa Fe County and that Bracken resided in Lea County. His wife's first attorney, however, filed her worker's compensation claim in Bernalillo County approximately 27 days prior to the expiration of the one-year period of limitations. The employer answered that the action must be dismissed for improper venue and under the doctrine of forum non conveniens. Bracken moved the court for a change of venue. The court, however, dismissed the complaint for lack of venue. Such a dismissal is not an adjudication on the merits. *See* SCRA 1986, 1–041(B). It is, nonetheless, a final order for purposes of appeal. *See Bralley v. City of Albuquerque*, 102 N.M. 715, 699 P.2d 646 (Ct.App.1985).

On appeal, Bracken complains that the court erred by failing to transfer her worker's compensation claim to a court of proper venue. We consider the argument and authorities relative to the power of the trial court to transfer to a proper venue, but decline to decide the case on that basis. Rather, we enunciate for the first time a rule that the filing of a complaint in an improper venue tolls the statute of limitations.

The court of appeals affirmed the dismissal based upon NMSA 1978, Section 52–1–37 (Orig.Pamp.) (repealed effective 5/21/86), which provided that workers' compensation claims "shall be filed * * * within the judicial district wherein the claimant's injury occurred or where the claimant resides." The same statute further provided that any change in venue was

to be governed by the same statutes, rules and decisions as in other civil cases.

Our venue statute, NMSA 1978, Section 38–3–3 (formerly Orig.Pamp. & Cum.Supp. 1986) (now Repl.Pamp.1987) specifically allows a change in venue:

(1) whenever the judge is interested in the result of the case, or is related to, or has been counsel for any of the parties; or

(2) when the party moving for a change files in the case an affidavit * * * that he believes he cannot obtain a fair trial in the county in which the case is pending * * *.

Neither ground for change of venue is applicable here.

In affirming the dismissal, the court of appeals expressed that it was bound by the precedent of *Jones v. New Mexico State Highway Department,* 92 N.M. 671, 672, 593 P.2d 1074, 1075 (1979) (citing 1 *Moore's Federal Practice* § 0.146[2] at 1660 (2d ed. 1978) (dismissal in federal court for improper venue prior to the enactment of the Judicial Code of 1984)), in which this Court held "[a]bsent a statute giving it such authority, a trial court has no power to change the venue of a misfiled law suit." The statute in *Jones* required all actions against state officers to be filed in Santa Fe County. There, the trial court transferred the cause to another county and this Court reversed and remanded with instructions to dismiss.

However, the more recent case of *State ex rel. Southern Pacific Transportation Co. v. Frost,* 102 N.M. 369, 695 P.2d 1318 (1985), adopts, without statutory authority, an intrastate forum non conveniens doctrine that did not previously obtain at common law. In *Frost,* pursuant to the Federal Employers' Liability Act (FELA), an employee filed suit for damages arising out of personal injuries suffered in the county where his employer did business. FELA provided "for venue where the defendant resides, is doing business, or the cause of action arose." This Court held that the FELA, with its "generous venue provisions, * * * [did] not preclude application of the doctrine of forum non conveniens in

the appropriate case." *Id.* at 370, 695 P.2d at 1319. Alleging it could not obtain a fair and impartial trial, the employer moved for change of venue and for dismissal based upon the doctrine of forum non conveniens. Although the trial court denied the motions and the court of appeals denied the interlocutory appeal, this Court determined that, based upon the doctrine of forum non conveniens, the case should be transferred to the court of the county in which the accident occurred and where most of the factual connections to the cause of action were located.

We question whether the distinction between proper and improper venue for the initial filing is a meaningful distinction for granting or denying nonstatutory authority to transfer. *Jones* should be reexamined in light of *Frost. See Pribram v. Fouts,* 736 P.2d 513 (Okla.1987) (district court has discretionary power to transfer case brought in wrong county to proper forum and, where statute of limitations has run, transfer is desirable to promote justice). We bear in mind that no one questions the jurisdiction of the court to act on the complaint. The objection was to venue only. It is, nonetheless, unnecessary to resolve the question of authority to transfer.

We believe Judge Sutin was correct when, dissenting in *Ortega v. Shube,* 93 N.M. 584, 603 P.2d 323 (Ct.App.1979), he stated that:

"When these [workers' compensation] claims were filed, the statutory period of limitation was tolled during their pendency since commencement of an action arrests the running of the applicable statutory period. When plaintiffs' claims were dismissed * * * they were not dismissed because the district court was without power to adjudicate the claims * * *.

The conclusion is that plaintiffs substantially complied with the statutes so as to keep alive their claims up to the time the claims were filed the second time, notwithstanding more than one year elapsed from the date of the accident to the date of filing the claims * * *.

The period during which the statute is tolled includes the time consumed in an appeal."

*Id.* at 588, 603 P.2d at 327. On a separate issue, *Ortega* had held correctly that, because the Workers' Compensation Act and Occupational Disablement Law specifically limit commencement of any action or suit to one year, it would not be appropriate to apply NMSA 1978, Section 37–1–14, by which a new suit commenced within six months is deemed a continuation of a prior suit in which plaintiff has failed for any cause. Section 37–1–14 is made inapplicable by Section 37–1–17 to any action or suit limited by separate statute. *Accord Estate of Gutierrez v. Albuquerque Police Dep't,* 104 N.M. 111, 717 P.2d 87 (Ct.App.), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986).

*Estate of Gutierrez* specifically considered the *Ortega* dissent of Judge Sutin on the issue of whether the two-year statute of limitations contained in the Tort Claims Act, NMSA 1978, Section 41–4–15, was tolled during the pendency of an action in which the Albuquerque Police Department and the Bernalillo County Detention Center had been named defendants in a claim pendent to a civil rights action in federal court. When the pendent state claims were dismissed without prejudice, plaintiff filed suit in state district court.

Plaintiff urges this court to adopt Judge Sutin's reasoning in this case, but cites this court to no supporting authority for its argument. In fact, plaintiff directs this court to *King v. Lujan,* 98 N.M. 179, 646 P.2d 1243 (1982), where the New Mexico Supreme Court held that a dismissal without prejudice for failure to prosecute, "operates to leave the parties as if no action had been brought at all." *Id.* at 181, 646 P.2d 1243. Plaintiff reasons that because there was no failure to prosecute in this case, the statute of limitations was tolled during the pendency of this suit in federal court. This is contrary to the established rule in federal and state courts. *See Dupree v. Jefferson,* 666 F.2d 606 (D.C.Cir.1981); *Diebold Contract Services v. Morgan Drive Away, Inc.,* 95 N.M. 9, 617 P.2d 1330 (Ct.App.1980). In *Diebold,* this court

quoted the "correct rule" contained in 51 Am.Jur. *Limitations of Actions* § 311:

In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.

*Diebold,* 95 N.M. at 12, 617 P.2d at 1333. *Id.,* 104 N.M. at 115, 717 P.2d at 91. We disagree. In *Otero v. Zouhar,* 102 N.M. 482, 697 P.2d 482 (1985), this Court criticized procedural anomalies such as the strict holding in *Swallows v. City of Albuquerque,* 61 N.M. 265, 298 P.2d 945 (1956), that the period during pendency of appeal does not toll the statute of limitations. It is the criticized holding in *Swallows* that was relied upon by the majority in *Ortega. Estate of Gutierrez* failed to recognize the previous year's holding by this Court in *Otero.*

"When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962); *see Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 434–35, 85 S.Ct. 1050, 1057–58, 13 L.Ed.2d 941 (1965) (limitation provision deemed tolled despite absence of "saving" statute where general policy of Congress and the states has been to prevent timely actions brought in improper venues from being time barred, *id.* at 431 nn. 8 and 9, 85 S.Ct. at 1056 nn. 8 & 9, and in view of the humanitarian purpose of workers' compensation legislation (FELA)); *see also* 54 C.J.S. *Limitations of Actions* § 219, p. 290 nn. 38, 42–43 (1987). Although *Goldlawr* addressed the issue under the federal venue statute allowing for transfer of a misfiled case, the rationale enunciated is nevertheless applicable to our holding here.

Because of the applicability of transfer-of-venue statutes or saving statutes (such as NMSA 1978, Section 37–1–14) the tolling issue is seldom considered on a separate public policy basis. The "general" rule that, in the absence of statute, filing of an action in an improper venue does not toll the statute of limitations, is hardly a much applied rule. To the contrary, Texas has held simply that because the Texas Tort Claims Act provision that cases *shall* be instituted in the county in which the action arises is a venue provision, not a jurisdiction provision, the filing of suit in an improper venue tolls the statute of limitations. *Brown v. Owens*, 674 S.W.2d 748 (Tex.1984). Using other rationale, a Florida court has held that, for application of the statute of limitations, the filing of a complaint in a proper venue following dismissal in an improper venue is to be treated as an amended complaint. *Colin v. State Dep't of Transp.*, 423 So.2d 1020 (Fla.Dist.Ct.App.1982).

Therefore, in light of the foregoing, we hold that the one-year statute of limitations under the Workers' Compensation Act was satisfied by the diligent filing of the complaint. The statutory period of limitations has been tolled during the pendency of this action, including the time consumed on appeal. To the extent that *Diebold, Ortega* and *Estate of Gutierrez* or any precedent of this Court enunciates a different rule, those precedents are hereby overruled.

Upon entry of the final order on remand from this appeal, the plaintiff shall have the remainder of the one-year statute of limitations, twenty-seven days, more or less, in which to file her complaint in a proper venue.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.

WALTERS, J., specially concurring.

SCARBOROUGH, C.J., joining in special concurrence.

WALTERS, Justice (specially concurring).

I agree with the majority's disposition of the tolling issue, and I concur specially to express my belief that we should do more than invite reexamination of *Jones v. New Mexico State Highway Department*, 92 N.M. 671, 593 P.2d 1074 (1979), and, indeed, should overrule it.

The predominant and better view is that a trial court may exercise its equitable power to transfer venue when the interests of justice will be served in so doing. For instance, Oklahoma recently reiterated its reliance on the common law, undisturbed by its constitution and statutes, permitting district courts to transfer a case from a county where venue is improper to one with proper venue "in the interest of efficient administration of justice." *Pribram v. Fouts*, 736 P.2d 513, 515 (Okla.1987). Colorado, also, has continued its adherence to the rule that (even absent statutory authority) "a proper application for a change of venue from an improper county * * * leaves the trial court with no alternative but to grant such application." In *Ko–Am Enterprises v. Davis*, 657 P.2d 399, 400 (Alaska 1983), that court declared that, in the context of dismissal or transfer on grounds of improper venue, "the policies of judicial economy and protecting the litigants' interests, which underlie the preference for disposing of cases on their merits rather than on procedural technicalities, are best served * * * by transferring the action to the judicial district of proper venue rather than by dismissing the action."

We should adopt the reasoning expressed at 1 J. Moore, *Moore's Federal Practice*, ¶ 0.146[5] at 1665–66 (2d ed. 1988):

As a general proposition, where dismissal would terminate an action because of a limitation statute, the interests of justice should normally require a transfer of the action to the proper district. Dismissal of an action for improper venue is a severe penalty. Transfer, on the other hand, enables the action to go forward in some proper venue; it is in line with the practice of most state courts; and * * * it is a part of the larger problem of

getting judicial business transacted conveniently and expeditiously * * *. Dismissal therefore should be reserved for that action where its institution in an improper forum smacks of harassment or evidences some other element of bad faith on the plaintiff's part.

New Mexico should join "most state courts" and acknowledge that the rigidity of *Jones* serves no useful or legitimate jurisprudential purpose, whereas transfer of a misfiled case, in the absence of bad faith, would entail only the slightest effort on the part of all concerned.

I would have preferred that this court go further in this matter, *i.e.*, that we overrule *Jones* and officially recognize the trial court's inherent authority, when justice requires, to transfer cases from an improper to a proper venue.

SCARBOROUGH, C.J., concurs.