2003-NMCA-060

66 P.3d 974

**Gerald HAGEN, Individually and as Personal Representative of Nathan Hagen, Deceased, and Michelle Hagen, Individually, Plaintiffs–Appellees,**

v.

**Sean FAHERTY, M.D., Defendant–Appellant.**

**No. 23,162.**

Court of Appeals of New Mexico.

Feb. 18, 2003.

Certiorari Denied, No. 27,961, April 4, 2003.

Guy Dicharry, Jr., Moffat & Dicharry, Valerie A. Chang, Albuquerque, NM, for Appellees.

Kenneth C. Downes, Donald D. Sullivan, Kenneth C. Downes & Associates, P.C., Albuquerque, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} The issue in this case is whether the state may be estopped from invoking the statute of limitations in the Tort Claims Act, NMSA 1978, § 41–4–15 (1977), when right and justice demand. We hold that it may. Defendant–Appellant Dr. Sean Faherty applied for, and this Court granted, an interlocutory appeal challenging the partial summary judgment granted by the district court that dismissed his affirmative defense asserting the statute of limitations. We affirm.

## FACTS AND BACKGROUND

{2} Faherty was at all times pertinent to this claim an employee of the University of New Mexico Hospital (UNMH) working as a temporary fill-in doctor at LifeCourse Immediate Care Center in Farmington, New Mexico (ICC), pursuant to an agreement between UNMH and the San Juan Regional Medical Center (SJRMC), the corporate owner of ICC. Faherty provided medical services to Plaintiff–Appellee Gerald Hagen's son Nathan on the evening of October 20, 1998, and again on the morning of October 21, 1998. Later that day, Nathan was taken to the SJRMC for a CT scan which showed that he had a brain aneurysm. Nathan died on October 24, 1998.

{3} Approximately two years and three months later, Nathan's parents and Nathan's father as Personal Representative (the Hagens) filed a complaint to recover damages for medical negligence, naming Faherty as Defendant. The Hagens later amended the complaint, adding SJRMC as a defendant. It was not until Faherty answered the Hagens' amended complaint, asserting the affirmative defense of the statute of limitations, that he identified himself to the Hagens as a UNMH employee. SJRMC and ICC are privately owned and are subject to the three-

year statute of limitations for medical malpractice actions. *See* NMSA 1978, § 41–5–13 (1976). However, UNMH is a public institution, making Faherty a public employee subject to the Tort Claims Act and its two-year statute of limitations. *See* § 41–4–15.

{4} The district court found that all appearances indicated that Faherty was an employee of the ICC on October 20 and 21, 1998. The district court concluded that Faherty was the apparent agent of SJRMC and that no reasonable person would have concluded that on October 20 and 21, 1998, Faherty was an employee of UNMH. The district court also concluded that right and justice demand that Faherty be estopped from claiming that the statute of limitations in the Tort Claims Act had run, invoking as authority *Lopez v. State*, 1996–NMSC–071, ¶ 20, 122 N.M. 611, 930 P.2d 146. The district court then granted the Hagens partial summary judgment and dismissed Faherty's statute of limitations affirmative defense. Faherty now appeals the grant of partial summary judgment.

{5} We hold that the district court correctly applied the law when it estopped Faherty from asserting the statute of limitations defense. Because we affirm on this issue, we do not reach Faherty's and the Hagens' remaining arguments, including the issues of apparent agency, dual agency, and the duty regarding a confidential relationship between doctor and patient.

**STANDARD OF REVIEW**

{6} Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Bd. of Comm'rs v. Greacen*, 2000–NMSC–016, ¶ 3, 129 N.M. 177, 3 P.3d 672. The factual findings by the district court in this case are undisputed. We review de novo whether the district court properly decided the legal effect of those facts. *Id.* Faherty does not contend that disputed questions of fact require a trial and instead contends that "the correct principles of law require that ... the case be remanded with instructions to enter summary judgment in favor of Defendant Faherty."

**PERTINENT FINDINGS AND CONCLUSIONS OF THE DISTRICT COURT**

{7} Among the facts the district court found are that, at all times pertinent, Faherty was employed, supervised, and paid by UNMH. It also found that either SJRMC or ICC provided an identification badge to Faherty; all of the physicians who worked with Faherty at the ICC were employees of SJRMC; all records for patients seen by Faherty at ICC remained at ICC, and none of Faherty's ICC patients were sent to UNMH; there was nothing on the ICC building to alert patients that a UNMH physician was practicing there; Faherty did not identify himself as a UNMH employee to the Hagens in October 1998; there was nothing on the ICC records of Nathan's treatment that indicated that Faherty was an employee of UNMH; all appearances indicated that Faherty was an employee of the ICC on October 20 and 21, 1998; and the Hagens relied on these appearances.

{8} The district court concluded that no reasonable person would have concluded that on October 20 and 21, 1998, Faherty was an employee of UNMH. Relying on *Lopez*, it concluded that right and justice demand that Faherty be estopped from claiming the two-year statute of limitations of the Tort Claims Act. *See Lopez*, 1996–NMSC–071, ¶¶ 17–21, 122 N.M. 611, 930 P.2d 146 (concluding that the state may be estopped from asserting a notice-of-claims statute as a defense if it held itself out to the public as something other than a state entity).

**FAHERTY'S ARGUMENTS**

{9} Faherty notes that it is undisputed that he is a public employee and that the Hagens filed their claim well after the two-year limitations period had lapsed. He argues that he, as a public employee, is covered by the provisions of the Tort Claims Act, which includes a statute of limitations of two years and which language protects a public employee working in any hospital, not just a public hospital. *See* NMSA 1978, § 41–4–9 (1977). He further argues that the statute does not require that public employees give notice to third parties of their employment status. He also argues that estoppel cannot be successfully asserted to lengthen a statu-

torily created right of recovery, *see Perry v. Staver*, 81 N.M. 766, 769, 473 P.2d 380, 383 (Ct.App.1970), and that the principles of equitable tolling do not apply because remedies must be found strictly within the confines of the pertinent statute. *See Estate of Gutierrez v. Albuquerque Police Dep't*, 104 N.M. 111, 117, 717 P.2d 87, 93 (Ct.App.1986), *overruled by Bracken v. Yates Petroleum Corp.*, 107 N.M. 463, 466, 760 P.2d 155, 158 (1988). Faherty finally argues that even if the district court had the authority to equitably estop him from asserting the statute of limitations defense of the Tort Claims Act, the district court did not make any findings as to the essential elements of estoppel, as required by *Lopez*, 1996–NMSC–071, ¶ 18, 122 N.M. 611, 930 P.2d 146.

## DISCUSSION

{10} Contrary to Faherty's assertion, our courts have permitted equitable tolling of statutes of limitations in certain circumstances outside of the confines of the particular statute. For example, this Court has held that fraudulent concealment can toll the statute of limitations of the Tort Claims Act. *See Armijo v. Regents of Univ. of N.M.*, 103 N.M. 183, 187, 704 P.2d 437, 441 (Ct.App. 1984), *rev'd in part on other grounds*, 103 N.M. 174, 176, 704 P.2d 428, 430 (1985). In *Bracken*, 107 N.M. at 466, 760 P.2d at 158, our Supreme Court overruled the precedent in *Estate of Gutierrez* in determining that the statute of limitations in the Workers' Compensation Act can be tolled for claims asserted in cases that have been dismissed for improper venue. In an analogous circumstance, this Court has also tolled the notice requirement in the Tort Claims Act for minors who are incapable of satisfying the requirement, even if the minor has a competent guardian who could satisfy the requirements of the Act. *See Tafoya v. Doe*, 100 N.M. 328, 332, 670 P.2d 582, 586 (Ct.App. 1983) (holding that the notice requirement of the Tort Claims Act is unreasonable and violates due process as applied to infants who are incapable of giving notice, so the requirement may not be applied to infants); *see also Rider v. Albuquerque Pub. Schs.*, 1996–NMCA–090, ¶ 1, 122 N.M. 237, 923 P.2d 604 (reaffirming *Tafoya* and holding that parents do not have a duty to provide notice under the Act for a minor if the minor is incapable of giving notice).

{11} Even though our courts have been willing to equitably toll notice and limitations requirements under certain circumstances, we do not interpret the district court's conclusion of law and dismissal of Faherty's affirmative defense to be a tolling of the statute of limitations, although the district court's decision may have had the same effect. Rather, the district court concluded that Faherty was equitably estopped from asserting the affirmative defense of the statute of limitations because right and justice demanded it. Applying the reasoning in *Lopez*, 1996–NMSC–071, ¶ 20, 122 N.M. 611, 930 P.2d 146, and the principle of equitable estoppel, as the district court did, we determine that the district court was correct in estopping Faherty from asserting the statute of limitations defense.

### Reasoning of *Lopez*

{12} In *Lopez*, the plaintiff was injured after she tripped and fell at the Bernalillo County Metropolitan Court. *Id.* ¶ 1, 930 P.2d 146. Ms. Lopez filed suit against Bernalillo County Metropolitan Court, but did not provide the Risk Management Division of the state with written notice of her claim within 90 days of her accident as required by NMSA 1978, § 41–4–16(A) (1977). *Lopez*, 1996–NMSC–071, ¶ 1, 122 N.M. 611, 930 P.2d 146. She did not know, and it was not apparent to her, that the Bernalillo County Metropolitan Court was actually maintained by the state and was subject to the Tort Claims Act. *Id.* ¶ 17, 930 P.2d 146. She argued that the state should be estopped from asserting a defense of failure to provide timely notice of her claim because the name of the court would lead a reasonable person to conclude that it was a county, rather than a state, facility. *Id.* Our Supreme Court agreed, stating:

> By choosing to do business as the Bernalillo County Metropolitan Court, the [s]tate was representing to all persons who might wish to assert claims that Bernalillo County was the entity responsible for the maintenance of the courthouse. Although

counsel for plaintiff could have discovered that the Bernalillo County Metropolitan Court was an agency of the state by reference to the statutes, *see* NMSA 1978, § 34–8A–8 (Repl.Pamp.1996), the fact that such inquiry was necessary was not apparent because of the name of the courthouse. *Id.* ¶ 21, 930 P.2d 146.

{13} The facts of the case at bar parallel the facts in *Lopez.* The district court found that all appearances indicated that Faherty was an employee of the ICC on October 20 and 21, 1998, and concluded that no reasonable person would have concluded that he was an employee of UNMH on those days. Although, as Faherty argues, the Hagens could have determined that Faherty was a public employee if they had inquired, they had no apparent reason to do so. By choosing to place its physician Faherty at ICC, a private institution, and not identify him as a public employee working in a public capacity, the state engaged in conduct that conveyed the indisputable impression to persons wishing to assert a claim that Faherty was an employee of the private institution. Under these circumstances, the claim against Faherty, who appeared to all to be employed by a private entity, was timely filed within the statute of limitations for actions against private entities. *See* § 41–5–13.

### Notice Provisions Are Analogous to Limitations Provisions

■ {14} Faherty argues that the notice statute at issue in *Lopez* is different from the statute of limitations that is at issue in the case at bar. Our courts have recognized that statutory notice requirements are analogous to statutes of limitation. *See Espanola Hous. Auth. v. Atencio*, 90 N.M. 787, 789, 568 P.2d 1233, 1235 (1977) ("[N]otice provisions operate as statutes of limitations since they are deemed to be conditions precedent to filing a suit."). This Court has stated that "the Tort Claims Act notice provision operates in conjunction with the statute of limitations section on the issue of a timely claim." *Tafoya*, 100 N.M. at 329, 670 P.2d at 583. The notice requirement and the limitations requirement in the Tort Claims Act protect similar values. *Compare Lopez*, 1996–

NMSC–071, ¶ 8, 122 N.M. 611, 930 P.2d 146 ("[N]otice allows the governmental entity to protect itself against false or exaggerated claims while also permitting it to identify and settle meritorious claims."), *with Jaramillo v. State*, 111 N.M. 722, 725, 809 P.2d 636, 639 (Ct.App.1991) ("The purpose of a limitations period is to establish repose and, with respect to claims against the state, to protect the state's resources from stale claims."). We determine that the notice requirement and the limitations requirement, both of which create barriers to a plaintiff's ability to file a claim and both of which protect the defendant in its ability to defend a lawsuit, are analogous and must be analyzed in the same way as applied to this case. Therefore, we determine that the reasoning in *Lopez* is not only analogous, but dispositive here.

### Elements of Estoppel

{15} Faherty argues that the district court failed to make specific findings, and therefore, even if *Lopez* applies, there is not sufficient evidence to satisfy all of the elements of equitable estoppel. We disagree. In granting summary judgment, the district court necessarily decided, as a matter of law, that the elements of estoppel had been satisfied. The facts in this case are undisputed, and Faherty has not alleged any facts not included in the district court's findings. Thus, we examine the facts to determine if the application of equitable estoppel was appropriate.

■ {16} We recognize that our courts are reluctant to apply estoppel against the state. *Lopez*, 1996–NMSC–071, ¶ 20, 122 N.M. 611, 930 P.2d 146. "Nevertheless, estoppel will be applied against the state when right and justice demand it." *Id.* (internal quotation marks and citation omitted). As stated in *Lopez*:

> The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be act-

ed upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.

1996–NMSC–071, ¶ 18, 122 N.M. 611, 930 P.2d 146 (internal quotation marks and citation omitted).

■ {17} Faherty first argues that his conduct in wearing uniforms and badges provided by SJRMC cannot be described as concealment, false representation, or fraud. However, the district court found that Faherty wore an identification badge issued by SJRMC or ICC with no references to UNMH, all of the other physicians who worked with Faherty at ICC were employed by SJRMC, Faherty was not identified as an employee of UNMH on any of Nathan's ICC records or billing, there was nothing on the ICC building to alert a patient to the fact that a UNMH doctor was practicing medicine within, Faherty did not identify himself to the Hagens as a UNMH employee, and all appearances indicated that Faherty was an employee of the ICC. The district court concluded that no reasonable person would have concluded that Faherty was an employee of UNMH. These undisputed factual findings support the conclusion and satisfy the first element of equitable estoppel as a matter of law.

■ {18} Faherty next argues that he could not reasonably expect that anyone would take action as a result of his behavior of wearing ICC uniforms and badges. We think it perfectly reasonable that a public employee, cloaked in the identity of a person employed by a private entity, should expect persons to think he was in fact a private employee and act accordingly. The Hagens did just that in filing their timely claim pursuant to Section 41–5–13 of the Medical Malpractice Act. Furthermore, the district court found that Faherty usually did not disclose his UNMH affiliation unless he was asked, that the Hagens relied on the appearance that Faherty was an employee of ICC, and

that UNMH could have easily disclosed Faherty's status through notice or billing. These facts satisfy the second element of estoppel, that of expectation that Faherty's conduct would be acted upon by the Hagens.

■ {19} Finally, Faherty argues that there is no prejudice to the Hagens because they are able to bring a claim for full and complete recovery against SJRMC as the principal. Whether or not the Hagens can obtain any judgment or any recovery against SJRMC is merely speculative, because this case has not yet gone to trial. On the other hand, a dismissal of the claims against Faherty, as he requests, would be an irreversible prejudice to the Hagens. We determine that the element of prejudice is satisfied.

{20} The findings of the district court are sufficient to satisfy the elements of equitable estoppel. Thus, Faherty's arguments—that he is a public employee, that there is no notice of status requirement in the statute, and that the statute of limitations cannot be tolled—are unavailing in light of the determination that equitable estoppel applies. We hold that the district court correctly applied the law to the facts in concluding that Faherty be estopped from claiming the two-year statute of limitations under the Tort Claims Act, and in granting partial summary judgment, dismissing Faherty's affirmative defense of the statute of limitations.

## A COMMENT ON PROFESSIONALISM

■ {21} Finally, we wish to call attention to our disappointment with an aspect of the way this case was briefed. Without wishing to sanction or single out any of the counsel, the problem appears to have begun with one attorney characterizing one of the other attorney's arguments as disingenuous, a characterization which is on the borderline of acceptable briefing. This characterization precipitated a number of unacceptable characterizations in return-vacuous, grand mischaracterization, long-winded, motivated by hopes that nuisance value would create a settlement, last-ditch, etc.

Advocacy is supposed to be helpful, to make it easier for judges to understand the facts and legal issues of the case. Yet too much advocacy today is the opposite of

helpful. It favors exaggeration over accuracy, attack over debate, and indiscriminate barrage over efficiency and cooperation. A culture of belligerence has taken root in our legal system, and it is an affliction on the day-to-day business of judging.

Elliot L. Bien, *Viewpoint: A new way for courts to promote professionalism*, 86 Judicature No. 3, 132 (2002). We think the parties' arguments in this case could have been made more effectively if they were less strident and more tailored as a logical refutation of the other side's arguments. Accordingly, we commend a more civil, collegial, and professional briefing style to all attorneys practicing before us.

**CONCLUSION**

{22} For the foregoing reasons, we affirm the judgment of the district court.

{23} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CELIA FOY CASTILLO, Judges.