This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STEPHEN MONTOYA,**

    Respondent-Appellee,

**v.**                                                                 **NO. 29,904**

**NEW MEXICO DEPARTMENT**
**OF PUBLIC SAFETY,**

    Petitioner-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sheri A. Raphaelson, District Judge**

E. Justin Pennington Law Offices
E. Justin Pennington
Albuquerque, NM

for Appellee

Brennan & Sullivan, P.A.
James P. Sullivan
Gianna M. Mendoza
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

The New Mexico Department of Public Safety (DPS) seeks review of the district court's August 28, 2009, order on administrative appeal. Our notice proposed to dismiss on the basis that DPS's appeal was not properly before this Court. Our notice further proposed to deny DPS's "motion to treat notice of appeal/docketing statement as writ of certiorari or, in the alternative, motion to allow filing of writ of certiorari and treat it as timely filed." DPS filed a timely response to our notice. We remain unpersuaded by DPS's arguments, and therefore dismiss the appeal and deny DPS's motion.

As acknowledged by DPS, this matter should have been brought before this Court by filing a petition for writ of certiorari pursuant to Rule 12-505 NMRA. *See* NMSA 1978, § 29-2-11 (2006) (setting forth the procedure for appealing the removal, demotion, and suspension of New Mexico police officers); and NMSA 1978, § 39-3-1.1(E) & (G) (1999) (providing that a party to the appeal to district court may seek review of the district court decision by filing a petition for writ of certiorari with the Court of Appeals pursuant to the rules adopted by the Supreme Court). DPS admits that it filed a direct appeal rather than a petition for writ of certiorari due to its attorney's initial misunderstanding of the applicable law. DPS requests that this Court

treat its notice of appeal and/or docketing statement as a petition for writ of certiorari, or alternatively, to allow it an extension to file a petition for writ of certiorari.

Case law provides that under some circumstances we are at liberty to construe documents such as notices of appeal and docketing statements as petitions for writ of certiorari. *See generally West Gun Club Neighborhood Ass'n v. Extraterritorial Land Use Auth.*, 2001-NMCA-013, ¶ 3, 130 N.M. 195, 22 P.3d 220 (filed 1999) (holding that "[b]ecause the Homeowners' notice of appeal was filed within twenty days, however, we elect in the exercise of our discretion to treat it as a petition for writ of certiorari to this Court"); *Dixon v. State Taxation & Revenue Dep't*, 2004-NMCA-044, ¶ 10, 135 N.M. 431, 89 P.3d 680 (stating that "this Court may, at its discretion, elect to treat a notice of appeal as a petition for writ of certiorari if the notice of appeal was filed within twenty days after the district court's final action"). In the present case, however, we decline to exercise our discretion to grant DPS's motion. The pleadings submitted by DPS in an effort to invoke our appellate jurisdiction – its notice of appeal and/or docketing statement – were not received by this Court until October 14, 2009, well outside the applicable twenty-day time-frame set forth in Rule 12-505. Even if we were to treat the notice of appeal and/or docketing statement as a timely petition for writ of certiorari, they were filed in the wrong tribunal and were not filed in or served on this tribunal until after the requisite twenty-day period had

3

elapsed. Under these circumstances, we do not view these documents as invoking our appellate jurisdiction. *Cf. Lowe v. Bloom*, 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (holding that appellate rules for the time and place of filing a notice of appeal govern the proper invocation of our jurisdiction), *modified on other grounds by Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *Marcus v. Gomez*, 111 N.M. 14, 15, 801 P.2d 84, 85 (1990) (holding that this Court had jurisdiction over the appeal because, "[u]nlike the appellants in *Lowe*, the Marquezes filed a copy of a docketing statement with the district court clerk within the extension of time allowed by the district court for filing a notice of appeal[;] [t]herefore, any objections to the insufficiency of the filing must go to its content and not, as was the case in *Lowe*, to the place the notice was filed or delivered"); *Singer v. Furr's, Inc.*, 111 N.M. 220, 221, 804 P.2d 411, 412 (Ct. App. 1990) (holding that a workers' compensation claimant's failure to timely file a notice of appeal in the Court of Appeals deprived this Court of jurisdiction even though the claimant filed a notice of appeal with the WCA within the applicable thirty-day filing period).

While we have overlooked procedural deficiencies in a few unusual cases, the attorney's initial misunderstanding of the now-established law is an insufficient basis upon which to do so. *Cf. Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that "[o]nly the most unusual circumstances beyond the control of the

4

parties -- such as error on the part of the court -- will warrant overlooking procedural defects"); *Hyden v. N.M. Human Servs. Dep't*, 2000-NMCA-002, ¶ 17, 128 N.M. 423, 993 P.2d 740 (filed 1999) (concluding that "unusual circumstances" warranted "the exercise of our discretion to grant extensions of time in which to file petitions for certiorari" due to the "procedural morass" created by the enactment of Section 39-3-1.1 and the nunc pro tunc publication of Rule 12-505). In this regard, we disagree that the merits of its appeal **[MIO 6]**, its status as a governmental entity **[MIO 14-15]**, or any alleged lack of prejudice to Appellee **[MIO 16]** are the type of "unusual circumstances" that warrant overlooking the time and place requirements for invoking our jurisdiction.

Nor do we agree that the holding in *Bracken v. Yates Petroleum Corporation*, 107 N.M. 463, 760 P.2d 155 (1988), dictates that the filing of a notice of appeal in the district court satisfies any jurisdictional requirement such that the twenty-day deadline for filing a petition for writ of certiorari in this Court should have been tolled. **[MIO 8-10]** In *Yates Petroleum*, the Court held that a statute of limitations was tolled by "the diligent filing of the complaint" in an improper venue. *Id.* at 466, 760 P.2d at 158. Any comparison between venue requirements and time and place requirements for filing an appeal, however, is unavailing. As emphasized in *Kalosha v. Novick*, 84 N.M. 502, 504, 505 P.2d 845, 847 (1973), "[v]enue, in the technical meaning of the

term, means the place where a case is to be tried, whereas jurisdiction does not refer to the place of trial, but to the power of the court to hear and determine the case." (internal quotation marks and citation omitted). Thus, while *Yates Petroleum*, 107 N.M. at 465-66, 760 P.2d at 157-58, holds that the filing of an action later dismissed without prejudice for improper venue tolls the statute of limitations applicable to the claim, it does not hold that any failure to satisfy jurisdictional requirements tolls the time for pursuing a timely appeal. *See also State ex rel. Dep't of Pub. Safety v. One 1986 Peterbilt Tractor*, 1997-NMCA-050, ¶ 23, 123 N.M. 387, 940 P.2d 1182 (stating that "venue is not to be equated with jurisdiction . . . jurisdiction goes to the power of a court to entertain the cause, while venue simply goes to the convenient and proper forum (internal quotation marks and citations omitted)).

We recognize further that NMSA 1978, Section 34-5-10 (1966), provides that "[n]o matter on appeal in the supreme court or the court of appeals shall be dismissed for the reason that it should have been docketed in the other court, but it shall be transferred by the court in which it is filed to the proper court." **[MIO 12]** DPS's reliance on Section 34-5-10, as well as to its referenced Colorado case with a comparable transfer statute **[MIO 11]**, is misguided. Section 34-5-10 applies to the transfer of erroneously docketing appeals between this Court and our Supreme Court. The Legislature has not enacted a comparable transfer statute between this Court and

the district courts. Similarly, DPS's reference to the Florida case **[MIO 11]** is not persuasive. That case invvolved a constitutional provision and implementing court rules which provided that a notice of appeal or petition for certiorari wrongly filed should be transferred to the appropriate court with the date of filing being the date the document was filed in the wrong court. New Mexico has no such comparable constitutional provision or rules.

Lastly, we recognize that Rule 12-505 was amended, effective September 4, 2009, such that petitions for writ of certiorari are due within thirty days, rather than the previous twenty days, after entry of final orders. See 48 N.M. Bar Bull. No. 32, at 20 (8/10/09). **[MIO 2, fn 1]** This amendment, however, does not affect the present case. *See N.M. Mining Comm'n v. United Nuclear Corp.*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862 (observing that Art. IV, Section 34 of the New Mexico Constitution precludes revised rules from applying to cases which are pending "in the tribunal that will be affected by the rule change."). And even if the thirty-day time-frame was applicable, dismissal would still be merited because nothing was filed in this Court within the thirty-day time-frame.

**Conclusion.** Based on the foregoing discussion, we dismiss DPS's appeal and deny its "motion to treat notice of appeal/docketing statement as writ of certiorari or,

in the alternative, motion to allow filing of writ of certiorari and treat it as timely filed."

     **IT IS SO ORDERED**.


                                        _____

                                        **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Judge**


_____

**LINDA M. VANZI, Judge**