This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHARLES R. ARASIM,**

Plaintiff-Appellant,

**v.**                                                    **NO. 30,160**

**OFFICER EVANGELINE**
**MARTINEZ, BCSO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Darrell M. Allen
Albuquerque, NM

for Appellant

Brennan & Sullivan, P.A.
Gianna M. Mendoza
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Charles Arasim (Plaintiff) appeals from the district court's order granting Officer Evangeline Martinez's (Defendant) motion to dismiss Plaintiff's claims for lack of jurisdiction. [RP 46] Plaintiff raises one issue on appeal: whether the district

court erred in ruling that the statute of limitations was not equitably tolled during the pendency of the federal litigation. [DS 3]  This Court's calendar notice proposed summary affirmance.  [CN1] Plaintiff has filed a memorandum in opposition that we have duly considered.  [MIO]  Unpersuaded, however, we affirm.

**DISCUSSION**

When facts relevant to a statute of limitations issue are not in dispute, the standard of review is whether the district court correctly applied the law to the undisputed facts. *Haas Enters., Inc. v. Davis*, 2003-NMCA-143, ¶ 9, 134 N.M. 675, 82 P.3d 42.  We review questions of law de novo. *Id.*

The following facts are undisputed.  The parties agree that the applicable statute of limitations is two years. *See* NMSA 1978, § 41-4-15(A) (1977). [RP 20, 34]  In addition, the parties agree that Plaintiff's cause of action accrued on the date that Defendant filed the underlying complaint against Plaintiff in Bernalillo metropolitan court on April 18, 2006. [Id.]  The parties further agree that on November 11, 2006, Plaintiff filed his federal lawsuit against the County of Bernalillo and Defendant Martinez.  [Id.]  On July 30, 2008, Defendant Martinez filed a motion to dismiss Plaintiff's fourth amended claim based on qualified immunity and other grounds. [Id.]  Plaintiff did not respond to Defendant's motion in federal court. [Id.]  On August 20, 2008, Plaintiff voluntarily dismissed his federal lawsuit without prejudice.  [Id.]

About two months later, on October 31, 2008, Plaintiff filed the present lawsuit for deprivation of state constitutional rights, malicious abuse of process, and deprivation of state statutory rights against Defendant Martinez. [Id., RP 1]

Defendant asserts that Plaintiff's tort claims are barred by the statute of limitations since the applicable two-year statute of limitations expired on April 18, 2008, and Plaintiff filed his complaint in state district court more than six months later, on October 31, 2008. [RP 18-25; 39-42] Plaintiff contends that his filing of the complaint in federal court tolled the statute of limitations. [RP 33- 37] The district court dismissed Plaintiff's complaint with prejudice on the grounds that the statute of limitations barred Plaintiff's claims. [RP 46] We agree.

NMSA 1978, Section 37-1-14 (1880) is a statutory saving statute that provides:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

This saving statute does not apply to claims brought under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -29 (1976, as amended through 2009). *Estate of Gutierrez ex rel. Haney v. Albuquerque Police Dep't*, 104 N.M. 111, 114, 717 P.2d 87, 90 (Ct. App. 1986), *overruled on other grounds Bracken v. Yates Petroleum Corp.*, 107 N.M. 463, 466, 760 P.2d 155, 158 (1988). Since no statutory saving clause applies, Plaintiff must rely on the principles of "equitable tolling," a

nonstatutory tolling theory which suspends a limitations period, in order to claim that his complaint in state district court is not barred by the statute of limitations. *See Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 15, 135 N.M. 539, 91 P.3d 58; *Gathman-Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin.*, 109 N.M. 492, 494, 787 P.2d 411, 413 (1990). In *Ocana*, our Supreme Court recognized that "[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Ocana*, 2004-NMSC-018, ¶ 15.

Prior to *Ocana*, in *Gathman-Matotan*, the New Mexico Supreme Court had noted that New Mexico law provides that the statute of limitations is tolled when a case is dismissed for improper venue. 109 N.M. at 494, 787 P.2d at 413; *see Bracken*, 107 N.M. at 466, 760 P.2d at 158. In addition, in *Gathman-Matotan*, our Supreme Court noted that New Mexico law has also allowed the statute of limitations to be tolled when a federal court, which presided over a plaintiff's first action, refuses in its discretion to entertain pendent jurisdiction over the plaintiff's state tort claims. 109 N.M. at 494, 787 P.2d at 413 (observing that "*Bracken* []. . . overruled *Gutierrez* . . . [such that] the filing of an action later dismissed without prejudice for reasons such as improper venue or a federal court's discretionary refusal to entertain pendent jurisdiction tolls the statute of limitations applicable to the claim").

In the memorandum, Plaintiff argues that *Ocana* and *Gathman-Matotan* "do not necessarily define the outer limits for the application of the doctrine [of equitable tolling]." [MIO 2] Plaintiff argues that, unlike in *Gathman-Matotan*, Plaintiff did not fail to prosecute his case. Rather, he points out, Plaintiff filed his state claims in federal court within the statute of limitations. [Id.] He relies on language in *Bracken* to the effect that "[t]he filing itself shows [Plaintiff's] proper diligence . . . which such statutes of limitation were intended to insure." *Bracken*, 107 N.M. at 465, 760 P.2d at 157 (internal quotation marks and citation omitted). Thus, Plaintiff argues, the filing of his complaint in federal court showed the proper diligence on his part which tolled the applicable statute of limitations. [MIO 3-4] We are not persuaded.

In this case, Plaintiff was not prevented from filing his lawsuit in state district court because of "an extraordinary event beyond his or her control." *See Ocana*, 2004-NMSC-018, ¶ 15. Moreover, this case does not involve a court's dismissal of Plaintiff's complaint without prejudice for improper venue nor the federal court's discretionary refusal to entertain pendent jurisdiction over Plaintiff's state claims filed in the federal court case. *See Gathman-Matotan*, 109 N.M. at 494, 787 P.2d at 413. Rather, in this case, Plaintiff, apparently faced with Defendant's qualified immunity motion to dismiss in federal court, voluntarily dismissed his complaint filed in federal court and refiled his complaint in state district court outside the statute of limitations.

Under the circumstances, pursuant *Gathman-Matotan* and the equitable tolling doctrine articulated in *Ocana*, we hold that equitable tolling does not apply to toll the statute of limitations in this case.

**CONCLUSION**

We affirm the district court's order dismissing this case as barred by the statute of limitations.  [RP 46]

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

6