522 P.2d 1246 (1974)
MR. STEAK, INC., a Colorado corporation, Plaintiff-Appellee,
v.
KEN-MAR STEAKS, INC., a Georgia corporation, Defendant-Appellant.
No. 73-221.
Colorado Court of Appeals, Div. I.
April 30, 1974.
*1248 Robert W. Hite, Robert R. Hoadley, Jr., Denver, for plaintiff-appellee.
Clanahan, Tanner, Downing & Knowlton, Thomas C. McKee, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
This case involves a suit by Mr. Steak, Inc., against its franchisee, Ken-Mar Steaks, Inc., for breach of the franchise agreement. After trial to the court, the court entered a judgment against Ken-Mar. We affirm.

I.
Service of process was made on Ken-Mar on March 18, 1971, pursuant to a provision in the franchise agreement which appointed the Corporation Company of Denver, Colorado, as agent for service of process in any civil suit arising under the franchise agreement. Ken-Mar contends that the provision in the franchise agreement was ineffective and that, therefore, the trial court lacked jurisdiction over it. An examination of the record reveals that Ken-Mar's assertions on this issue have no basis in fact or in law.
Ken-Mar first contends that the franchise agreement dated May 16, 1969, was not binding on it because it was never named as a party to the agreement. The franchise agreement was executed on March 31, 1969, by one Kenneth Simmons who signed in a representative capacity as president, but did not indicate the name of the corporate principal. Ken-Mar was incorporated on April 18, 1969. Ken-Mar maintains that these facts demonstrate that it was not a party to the franchise agreement and, therefore, the provision appointing an agent for service of process was not binding upon it. Ken-Mar's assertions on *1249 this issue cannot prevail. As pointed out by the trial court, Ken-Mar appears as a party to an addendum to the franchise agreement, which addendum is dated August 11, 1970, and expressly refers to Ken-Mar as a party to the original franchise agreement. This documentary evidence supports the finding of the trial court that there existed an agreement between Ken-Mar and Mr. Steak.
Ken-Mar next contends that Mr. Steak cannot rely upon the provision appointing an agent for service of process because Mr. Steak cancelled the franchise agreement prior to the date service was made upon the agent. In this regard, Ken-Mar relies upon a letter dated March 2, 1971, from Mr. Steak to Ken-Mar notifying Ken-Mar that it was considered in breach of the franchise agreement. The letter further advised Ken-Mar that if the defaults were not cured in 15 days, Mr. Steak would exercise its rights under the franchise agreement to terminate the franchise agreement. Ken-Mar asserts that the 15-day period expired on March 17, 1971, and that therefore the provision appointing an agent for service of process was no longer in effect when service was made on March 18, 1971.
A cursory examination of the record demonstrates the fallacy of Ken-Mar's argument. The letter dated March 2, 1971, contains the following sentence:
"In the event the above violations are not remedied, by payment of all amounts owed to Mr. Steak, Inc., within fifteen (15) days after receipt of this notice, the franchise agreement shall be considered null and void and of no further force and effect." (emphasis added)
There is attached to the letter a certified mail return receipt signed by Kenneth Simmons on behalf of Ken-Mar. The receipt shows that the letter was delivered on March 11, 1971. Thus, at minimum, the franchise agreement was in full force and effect until March 26, 1971. Accordingly, the provision appointing an agent for service of process was in effect on March 18, 1971, when service was made upon the agent.
Finally, Ken-Mar invites this court to declare that contractual provisions for appointment of an agent for service of process are invalid. We decline the invitation. In the instant case, it is undisputed that the agent for service of process gave personal notice of the suit to defendant. Moreover, the franchise agreement states:
"It is understood and agreed that this Franchise Agreement is entered into in Denver, Colorado and creates a contract between the ASSOCIATE [Ken-Mar] and MR. STEAK in accordance with the laws of the state of Colorado."
Under similar circumstances, the U. S. Supreme Court refused to invalidate a contractual provision which appointed an agent for service of process. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354.
The evidence supports the findings of the trial court that the franchise agreement and the provision appointing an agent for service of process were valid and binding on Ken-Mar Steaks. Accordingly, the trial court properly denied Ken-Mar's motion to dismiss the case for lack of personal service on defendant.

II.
Ken-Mar next contends that the trial court erred by denying its motion to dismiss on the grounds of forum non conveniens. Ken-Mar asserts that the doctrine of forum non conveniens applies to the instant case because one of its counterclaims involves the suitability of the restaurant site selected by Mr. Steak, and because a number of witnesses to be called on that issue resided outside the state of Colorado.
The thrust of the doctrine of forum non conveniens is not to determine the perfect forum, but rather to provide a vehicle for choice between two or more alternative forums to avoid the hardship and expense of the one that is clearly inconvenient. Allison Drilling Co., Inc. v. Kaiser Steel Corp., 31 Colo.App. 355, 502 P.2d *1250 967. In Allison Drilling Co., Inc., supra, we noted that the court must weigh the relative advantages and obstacles to a fair trial in the particular forum. However, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
The instant case concerns a dispute between a plaintiff that is a Colorado corporation with its headquarters and accounting records in Denver and a defendant that is a Georgia corporation with its operations in Florida. Both parties intended to call as witnesses residents of Colorado. Ken-Mar also expressed an intention to call witnesses who are residents of Florida and several other states. In view of these considerations, litigation in Colorado undoubtedly would involve some expense and inconvenience for Ken-Mar. However, the expense and inconvenience to Ken-Mar do not tip the balance clearly in its favor. Additionally, both parties agreed that any dispute concerning the franchise agreement would be governed by Colorado law. Accordingly, we conclude that the trial court did not abuse its discretion by denying the motion to dismiss the action under the doctrine of forum non conveniens.

III.
Ken-Mar next contends that the trial court erred by denying its motion to dismiss the action on the ground that Mr. Steak had failed to join indispensable parties. Ken-Mar asserts that Kenneth Simmons and Gene Simmons are indispensable parties to this action because they personally signed the various documents which constituted the agreements between the parties. We disagree.
An examination of the material documents reveals that in each instance the signature indicates that the party signed in a representative capacity. Kenneth Simmons signed the original franchise agreement in his capacity as president, but did not disclose the name of his principal. However, the subsequent addendum to the franchise agreement shows that Kenneth Simmons signed on behalf of Ken-Mar Steaks, Inc. Similarly, the signatures on the other documents involved in this transaction are accompanied by a designation of representative capacity or disclose the name of the principal.
A party is not liable upon a contract signed by him on behalf of another, assuming proper authorization to act, when he has given notice to a third party that there is a principal for whom he acts and also notice of a name or identity of a principal. Fink v. Montgomery Elevator Co., 161 Colo. 342, 421 P.2d 735. Here, the requirement that the principal be disclosed was satisfied. Therefore, neither Kenneth Simmons nor Gene Simmons are liable as parties to the agreement.
Indispensable parties are those who have an interest in the controversy of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234. Here the trial court properly ruled that the agents who were not liable on the contracts were not indispensable parties to a suit on the contract.

IV.
Ken-Mar contends that the trial court erred by refusing to grant its motion for a continuance. The motion was predicated on the inability of Florida counsel to attend the trial because his attendance was required at another trial scheduled in Florida on the same date.
A request for a continuance of a trial date is a matter which lies peculiarly within the sound discretion of the trial court, and nothing short of a plain and arbitrary abuse of discretion will justify the reviewing court in reversing the trial court's determination. Hoy v. North Jeffco Metropolitan Recreation Dist., 160 Colo. 382, 417 P.2d 790. Here, the motion for continuance was filed on November 3, 1972, approximately ten days before a trial *1251 date which had been set on June 16, 1972. Moreover, the Florida attorney did not appear as an attorney of record in this case. We conclude that the trial court did not abuse its discretion by refusing to grant a continuance.

V.
Ken-Mar maintains that the trial court erred by allowing testimony by an attorney of record for Mr. Steak. Ken-Mar argues that such testimony should have been excluded because Mr. Hoadley did not appear as a witness listed on the trial data certificate filed by Mr. Steak and testimony by an attorney on behalf of his client constitutes a violation of sections DR 5-101 and 5-102 of the Code of Professional Responsibility. We disagree.
The relationship of attorney and client does not render an attorney incompetent to testify on behalf of his client. Paine v. People, 106 Colo. 258, 103 P.2d 686. The attorney testified in his capacity as assistant secretary of the Mr. Steak corporation. He testified that he is responsible for the custody of the business records of Mr. Steak and his testimony was limited to authenticating the various documents introduced as exhibits. Moreover, the trial was conducted by another attorney. Testimony by an attorney with respect to formal matters such as custody of business records and authenticity of documents is permitted under the Code of Professional Responsibility. See Paine v. People, supra.
Ken-Mar also objected to the testimony of Hoadley and one of the exhibits introduced on the ground that neither the witness nor the exhibit were listed on the trial data certificate filed by Mr. Steak. These matters were within the discretion of the trial court, who did not abuse its discretion in receiving the testimony and exhibits. See Advance Loan v. Degi, 30 Colo.App. 551, 496 P.2d 325.

VI.
Finally, Ken-Mar argues that the evidence was insufficient to support the damage award and asserts that the trial court improperly received testimony from the director of accounting for Mr. Steak with respect to the various amounts due as reflected in the business records of Mr. Steak.
Ken-Mar made no objection to evidence introduced in this regard; thus, the alleged error relative to the director's testimony will not be reviewed on appeal. Adler v. Adler, 167 Colo. 145, 445 P.2d 906. Further, the evidence does support the findings of the trial court with respect to damages, and those findings will thus not be disturbed on appeal. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
The judgment is affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.