544 P.2d 287

**Ralph S. ROLLER and Rosemary Roller, his wife, Plaintiffs-Appellants,**

**v.**

**Spencer SMITH and Alice Luna, Defendants-Appellees.**

**No. 1999.**

Court of Appeals of New Mexico.

Nov. 18, 1975.

Certiorari Denied Dec. 29, 1975.

James B. Kelly, Albuquerque, for plaintiffs-appellants.

Richard W. Hughes, Robert M. Strumor, Claudeen B. Arthur, Shiprock, for defendants-appellees.

OPINION

HERNANDEZ, Judge.

This case involves the responsibility of an agent acting for a disclosed principal to the third party. Plaintiffs, the third parties, appeal from a judgment dismissing their complaint. We affirm.

Plaintiffs and defendants entered into a written agreement for the sale of a Toyota

automobile. The agreement, dated November 11, 1971, reads in pertinent part as follows:

> "The undersigned Ralph S. Roller hereby acknowledges receipt of $150. cash from Alice Luna and Spencer Smith as agents for the Committee to Save Black Mesa, said $150. being downpayment on the purchase of 1963 Toyota Land Cruiser * * *. Total purchase price to be $950. The balance of $800. shall be due and payable on or before December 12, 1971.
>
> "Seller agrees to transfer title to said vehicle to such persons or organizations as purchaser—agents as above shall direct when the balance of $800. is paid in full."

Plaintiffs in their complaint alleged that the balance due on December 12, 1971, had not been paid and that defendants had also refused to deliver possession of the automobile to plaintiffs. Other allegations were that the defendants had damaged the vehicle and that all of those acts constituted a conversion of it.

Plaintiffs also alleged that defendants' acts were done with malice and prayed for exemplary as well as compensatory damages.

We note at the outset that defendant Alice Luna was never served with process and never entered an appearance; she was therefore not a party in this matter.

■ The principal issue, although well-nigh concealed in plaintiffs' alleged seven points of error, is whether the trial court erred in not finding the defendant Smith personally liable under the contract. We recognize that plaintiffs in their brief-in-chief state that they did not sue for breach of contract but for wrongful conversion. Plaintiffs' loosely worded complaint and their direct examination of the sole witness we believe led the trial court to understand that they were pleading in the alternative. To conclude otherwise would make most of the trial court's findings and conclusions meaningless. Furthermore, were we to ac-

cept plaintiffs' disavowal this appeal could very easily be resolved because there is not one scintilla of evidence that the defendant Smith converted plaintiffs' automobile. To constitute a conversion of the personal property of another there must be some repudiation of the owner's rights or some exercise of the rights of ownership over them inconsistent with the owner's rights or some act done which destroys them or alters their condition. *Kitchen v. Schuster,* 14 N.M. 164, 89 P. 261 (1907).

■■ As to Smith's liability under the contract, it is well established that an agent acting within his authority for a disclosed principal is not personally liable unless he was expressly made a party to the contract or unless he conducts himself in such a manner as to indicate an intent to be bound. *Lake City Stevedores, Inc. v. East West Shipping Ag., Inc.,* 474 F.2d 1060 (5th Cir. 1973). .Compare *Ellis v. Stone,* 21 N.M. 730, 158 P. 480 (1916). There is substantial evidence that Smith acted solely as agent for the Committee to Save Black Mesa. There is no evidence that Smith conducted himself in such a way as to indicate an intent to be bound. The trial court properly concluded that Smith was not personally bound.

We do not deem it necessary to set forth plaintiffs' points of error or to discuss each specifically, suffice to say that they are all without merit.

The decision of the trial court is affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

The agreement shows that Spencer Smith signed as an agent for the Committee to Save Black Mesa. The principal was disclosed. Smith was not a party to the contract and he was not liable for the failure of the Committee to perform the

**574**

contract. To hold Smith personally liable, plaintiffs must prove that the agent lacked authority to bind the Committee. *Corps Construction, Ltd. v. Hasegawa,* 522 P.2d 694 (Hawaii, 1974); *Mr. Steak, Inc. v. Ken-Mar Steaks, Inc.,* 522 P.2d 1246 (Colo.App.1974); *Fink v. Montgomery Elevator Company of Colorado,* 161 Colo. 342, 421 P.2d 735 (1966); *Moran v. Loeffler-Greene Supply Company,* 316 P.2d 132 (Okl.1957). Plaintiffs did not prove that Smith lacked authority to sign the contract.

*Ellis v. Stone,* 21 N.M. 730, 158 P. 480, L.R.A.1916F, 1228 (1916) holds that the mere fact that a person sustains an agency relation to another does not prevent him from being personally liable on a contract with a third person. If it appears from the contract that he bound himself personally, he is liable. *Ricker v. B–W Acceptance Corporation,* 349 F.2d 892 (10th Cir. 1965).

The contract in question does not show that Smith bound himself personally to pay for the vehicle.