This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41351

WASEEM TOUMA and SARAH
HAMILTON,

      Plaintiffs-Appellees,

v.

RONALD KRISE,

      Defendant-Appellant,

and

WESTIN ENTERPRISES LLC,

      Defendant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosie Lazcano Allred, Metropolitan Court Judge**

DeLara Supik Odegard P.C.
David C. Odegard
Albuquerque, NM

for Appellees

Ronald Krise
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** After a bench trial, the metropolitan court found in favor of Plaintiffs and against Defendants, Ronald Krise and Westin Enterprises LLC (Westin),[1] on Plaintiffs' claim of substandard workmanship. Defendant appeals and raises four issues: (1) the case should not have been reinstated after it was dismissed for lack of prosecution; (2) the evidence did not establish a contract, breach, or damages; (3) the judgment against Defendant personally should be vacated, leaving only the judgment against Westin; and (4) the metropolitan court disregarded evidence that Plaintiffs "interfered with and hindered [D]efendant's performance and that [D]efendant's performance was excused when [Plaintiffs] dismissed [D]efendant's prior to completion of th[ei]r portion of [Plaintiffs'] project." We affirm.

## DISCUSSION

**{2}** Because this is a memorandum opinion, we discuss the facts only to the extent necessary to resolve the appellate issues.

## I. The Metropolitan Court Did Not Abuse its Discretion in Reinstating Plaintiffs' Complaint

**{3}** Defendant first argues that after the case was dismissed for lack of prosecution under Rule 3-305(D) NMRA, the metropolitan court should not have granted Plaintiffs' motion to reinstate. Rule 3-305(D) states, "Any action pending for six (6) months from the date the complaint is filed, in which the plaintiff or defendant asserting a counterclaim has failed to take all available steps to bring the matter to trial, shall be dismissed without prejudice." This action was litigated continuously from the filing of the complaint on November 5, 2020 until November 30, 2021. On June 27, 2022, the metropolitan court dismissed the matter without prejudice and cited Rule 3-305(D). More than thirty days later, Plaintiff filed a motion to reinstate the case, which the metropolitan court granted. Defendant argues that the case should not have been reinstated because (1) the dismissal was a final order and after thirty days, the metropolitan court lost jurisdiction to hear Plaintiffs' motion; and (2) Plaintiffs' motion to reinstate was untimely and did not establish good cause as described in Rule 1-041(E)(2) NMRA. Because, as we explain, we conclude that Plaintiffs' motion was granted according to the metropolitan court's jurisdiction under Rule 3-704 NMRA, we need not address Defendant's argument that the motion was untimely and unsupported under Rule 1-041(E)(2).

**{4}** Defendant argues that the dismissal was an adjudication of the merits under Rule 3-305(B), the dismissal without prejudice was a final order, and the metropolitan court therefore lost jurisdiction thirty days after the order was entered based on NMSA 1978, Section 39-1-1 (1917) (explaining in relevant part that "[f]inal judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry

---

[1] Only Defendant Krise has appealed the metropolitan court's decision and for that reason we use the term "Defendant" in this opinion to refer only to Defendant Krise and the term "Westin" to refer to Defendant Westin Enterprises LLC.

thereof"). We do not agree that the dismissal was a final judgment based on Rule 3-305(B). Though the rule designates certain dismissal orders as "adjudication[s] upon the merits," Rule 3-305(B) applies only to dismissals provided for under paragraph B and dismissals "not provided for in this rule." *Id.* The dismissal in the present case was "provided for" by Rule 3-305. The dismissal was under Rule 3-305(D). Nevertheless, even if the dismissal were a final order—which we need not and do not decide—based on Rule 3-704, the metropolitan court did not lose jurisdiction to reinstate the case after thirty days.

**{5}** The court retains jurisdiction to rule on motions for relief from final judgment as provided for in the rules. *See Meiboom v. Watson*, 2000-NMSC-004, ¶¶ 13-14, 128 N.M. 536, 994 P.2d 1154 (concluding that a district court had jurisdiction to reinstate a case under Rule 1-060(B) NMRA because a contrary conclusion "would render nonexistent the ability of a court's equitable powers to grant relief from final judgment in Rule 1-060(B)(6) cases after the statute of limitations has run"). Rule 3-704(B) provides for relief from a final judgment "[o]n motion and upon such terms as are just" for a number of listed reasons, including "mistake, inadvertence, surprise or excusable neglect." Rule 3-704(B)(1). Our courts have construed the identical standard under Rule 1-060(B)(1) liberally and held that "the district court should consider all relevant circumstances related to a party's neglect." *See Kinder Morgan CO2 Co., L.P. v. N.M. Tax'n & Rev. Dep't* (*Kinder Morgan*), 2009-NMCA-019, ¶¶ 10, 13, 145 N.M. 579, 203 P.3d 110. Those circumstances include "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* ¶ 12 (alteration, internal quotation marks, and citation omitted).

**{6}** A motion may be construed as a request for relief under Rule 1-060 even if it does not cite Rule 1-060 or comply with time limits set forth under Section 39-1-1. *See Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722. In *Hymans*, a judgment was entered against a borrower on summary judgment but the borrower later filed a motion to modify the judgment and claimed restitution of amounts overpaid. *Id.* ¶ 3. This Court considered the motion "as having been brought pursuant to Rule 1-060," even though "it was not timely under Section 39-1-1" and "[t]he movant need not cite" Rule 1-060, because "the substance of the motion, not its title, controls." *Hymans*, 1995-NMCA-095, ¶ 10. We are therefore unpersuaded by Defendant's argument that Plaintiffs cannot benefit from Rule 3-704(B)(1) because they filed a motion to reinstate. As in *Hymans*, we instead construe the motion to reinstate as brought under Rule 3-704(B)(1) and turn to the substance of Plaintiffs' motion. *See Hymans*, 1995-NMCA-095, ¶¶ 11-18.

**{7}** Plaintiffs' motion explained that before the dismissal, the parties had been participating in discovery "and were previously advised by the court that a hearing would be set and trial scheduled after discovery was exchanged." The record supports this statement. In July 2021, after a discovery dispute arose, the metropolitan court ruled that the parties would have additional time to complete discovery and then the court

would "either set it up for a new discovery—or we can set it up—for—we're ready to go to trial." The parties reconvened for a status conference twice in September 2021. The discovery issues remained unresolved, Plaintiffs stated that they would file a motion to compel, and the metropolitan court indicated a hearing would be set on that motion. In November 2021, the metropolitan court heard Plaintiffs' motion to compel and set deadlines at the end of the hearing for discovery to be served. The last document filed before the dismissal was Defendants' certificate of service. At the hearing on Plaintiffs' motion to reinstate, Plaintiffs' counsel additionally informed the metropolitan court that he had been on paternity leave and the office had not received notice of the dismissal. The metropolitan court noted that the motion to reinstate was filed only four days "late" (providing for three days for mailing). Under these circumstances, the metropolitan court did not abuse its discretion under Rule 3-704 in granting Plaintiffs' motion. *See Kinder Morgan*, 2009-NMCA-019, ¶ 13 (leaving the weight of "all relevant circumstances related to a party's neglect" to the district court's discretion, recognizing "the district court's intimate familiarity with such circumstances puts it in a better position than an appellate court to determine whether a party truly failed to actively pursue a claim").

## II.      Plaintiffs Sufficiently Proved the Existence of a Contract and the Damages Award Was Supported by the Evidence

**{8}**      Defendant next argues that the evidence did not support the existence of a contract and therefore the damages award for breach of contract was unsupported. Defendant suggests that a specific finding by the metropolitan court that a contract exists is required. On appeal, however, this Court may consider and construe liberally the oral findings of the metropolitan court to the extent that they are supported by the evidence and do not conflict with the written judgment. *See Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 11, 111 N.M. 417, 806 P.2d 66 ("On appeal, the reviewing court may consider the trial court's verbal comments in order to clarify or discern the basis for the order or action of the court below."); *Robey v. Parnell*, 2017-NMCA-038, ¶ 10, 392 P.3d 642 ("Findings of fact may properly be given a liberal interpretation if the interpretation is supported by the evidence." (internal quotation marks and citation omitted)); Rule 3-606 NMRA (requiring the metropolitan court sitting as fact-finder to "orally announce [the] decision"). Further, while the authority that Defendant cites requires a valid contract in order to establish breach and damages, *see Joseph E. Montoya & Assocs. v. State*, 1985-NMSC-074, ¶ 12, 103 N.M. 224, 704 P.2d 1100, he points to no authority that holds that this Court cannot consider whether the fact-finder necessarily decided that the undisputed evidence satisfied the elements of contract formation, *see Hagen v. Faherty*, 2003-NMCA-060, ¶ 15, 133 N.M. 605, 66 P.3d 974 (rejecting an argument that specific findings were necessary where the facts were undisputed and the question was the application of those facts to the legal elements of the claim). The metropolitan court's oral findings in the present case, together with the undisputed facts, supported a conclusion that the parties created an enforceable contract.

**{9}**      An enforceable contract "must be factually supported by an offer, an acceptance, consideration, and mutual assent." *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 7, 115 N.M. 665, 857 P.2d 776; *see* UJI 13-801 NMRA (setting forth the elements of a

contract). In the present case, Defendant testified that the admitted pages of Exhibit 3 showed the work that he initially offered to perform for Plaintiff and the price, which included additions to the work that was part of the initial bid. Plaintiff Touma testified that he accepted that offer to perform services and the price, as set forth in the admitted pages of Exhibit 3. Plaintiff Touma also testified that he paid Defendant $7,230 to perform the work and that the work was performed but not satisfactorily. The metropolitan court ruled that Defendant's bid stated the work he was going to do, and because Defendant's work was not performed to satisfaction or specification, Plaintiffs were entitled to recover the contract price. The evidence as we have described supported the existence of a contract as well as the metropolitan court's conclusion that the contract was breached and damages resulted. *See Collado v. City of Albuquerque*, 2002-NMCA-048, ¶ 15, 132 N.M. 133, 45 P.3d 73 ("Breach of contract is a question of fact that we review under a substantial evidence standard."). On appeal, Defendant makes several specific challenges to the metropolitan court's determination.

**{10}** Defendant suggests that the changes to the initial bid demonstrate that the parties reached no mutual assent and therefore no contract was formed. We conclude that substantial evidence supported a finding of mutual assent. *See Batishill v. Ingram*, 2024-NMCA-001, ¶ 6, 539 P.3d 1203 ("When the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist." (internal quotation marks and citation omitted)). The evidence at trial showed that Defendant generally performed the work that was outlined in Exhibit 3, both the initial work and the subsequent additional work. As a result, the fact-finder could find both acceptance and mutual assent that Defendant would perform all of the work described in Exhibit 3. *See Orcutt v. S & L Paint Contractors, Ltd.*, 1990-NMCA-036, ¶¶ 11, 13, 109 N.M. 796, 791 P.2d 71 (explaining that "[t]he manifestation of mutual assent to an exchange ordinarily takes the form of an *offer* by one party followed by an *acceptance* by the other party" and that "[a]cceptance may be by performance or by promise").

**{11}** Defendant disputes that a contract existed because there was no signed document. A signed document is not required, however, if the elements of contract formation are otherwise established, which, as we have explained, they were. *See Gormely v. Coca-Cola Enters.*, 2004-NMCA-021, ¶ 20, 135 N.M. 128, 85 P.3d 252 ("An implied contract may be found in written or oral representations, in the conduct of the parties, or in a combination of representations and conduct.").

**{12}** Defendant contends that because Plaintiffs did not get permits, any contract was illegal and unenforceable. We disagree. Defendant does not demonstrate that permits were required for the work that he performed—the only work for which Plaintiffs were awarded damages. Regardless, "[t]he contract did not provide for nor require the violation of any law," Plaintiffs' claim was not based on a failure to comply with the law, and the parties' agreement would not result in the law being violated if it were enforced. *See Measday v. Sweazea*, 1968-NMCA-008, ¶¶ 11, 19, 22, 78 N.M. 781, 438 P.2d 525. The contract is therefore not illegal and is enforceable. *See id.* ¶¶ 10-26.

**{13}** Defendant argues that he should not be responsible for work not performed to Plaintiffs' satisfaction because Plaintiffs continued the work after Defendant was terminated and repair work on the roof was not performed according to Defendant's advice. To that end, Defendant maintains that the metropolitan court improperly disregarded or "failed to incorporate" Plaintiffs' answers to Defendant's requests for admissions. The metropolitan court, however, admitted the answers to requests for admissions as Exhibit A, in which Plaintiffs admitted that work was performed by other people after Defendant was terminated and that Plaintiff assisted with some of the work that Defendant performed. Plaintiff Touma's testimony supports the metropolitan court's finding that any assistance provided by Plaintiff Touma during the time that Defendant was performing the work was entirely at Defendant's direction. Ultimately, the metropolitan court awarded damages only in the form of reimbursement for the money that Plaintiffs paid to Defendant, and Defendant points to no evidence to establish that the subsequent or additional work caused the work performed by Defendant to become unsatisfactory. As a result, the metropolitan court did not erroneously disregard evidence of the other work performed or Plaintiff Touma's assistance. *See Robey*, 2017-NMCA-038, ¶ 10 ("[T]his court will not reweigh the evidence nor substitute our judgment for that of the fact-finder." (alteration, internal quotation marks, and citation omitted)).

**{14}** For these reasons, we affirm the metropolitan court's breach of contract and damages determination.

### III.   The Evidence Supported the Metropolitan Court's Award of Damages Against Defendant

**{15}** Defendant contends that the metropolitan court improperly entered judgment against both Defendants and that he should not be personally liable for the judgment. Specifically, Defendant disputes his personal liability for the judgment because he maintains that he acted only as an officer and employee of Westin and the corporate veil was not pierced. We need not consider, however, whether Defendant is shielded by the corporate form. Plaintiffs' claim was for breach of contract. *See Kreischer v. Armijo*, 1994-NMCA-118, ¶ 6, 118 N.M. 671, 884 P.2d 827 (explaining that a breach of contract claim is distinguished from a tort claim because the obligation to perform the work is "created by the contract and was not an obligation imposed by law"). In general, "an agent for a disclosed principal is not a party to any contract entered into on behalf of the principal." *Id.* ¶ 14. An agent who is acting within the authority of a disclosed principal is personally liable only if the agent "was expressly made a party to the contract" or acts "in such a manner as to indicate an intent to be bound." *Roller v. Smith*, 1975-NMCA-133, ¶ 7, 88 N.M. 572, 544 P.2d 287. In the present case, the parties appear to assume that Westin is the disclosed principal and Defendant is the agent. On appeal, Defendant does not dispute Westin's liability for the judgment. As a result, the inquiry is whether Defendant was "expressly made a party" to the agreement or "conducte[d] himself in such a manner as to indicate an intent to be bound." *See id.* We therefore turn to consider the evidence supporting whether Defendant was a party to the agreement with Plaintiff and Defendant's conduct. *See id.* (evaluating whether substantial evidence

supported a conclusion that the agent was a party to the contract); *Robey*, 2017-NMCA-038, ¶ 10 (requiring this Court to construe the facts in favor of the judgment and draw all reasonable inferences to support the conclusion reached by the fact-finder).

**{16}**   With this standard in mind, the evidence supports a conclusion that Plaintiffs expressly contracted with Defendant and that Defendant conducted himself as if he were bound by the contract. The agreement between the parties was based on a written bid that made no reference to Westin, and as we have explained, the acceptance and assent were by Defendant's performance. Plaintiffs paid Defendant by check and not Westin. This evidence supports a conclusion that Defendant was a party to the agreement with Plaintiffs and therefore supports the metropolitan court's judgment against Defendant.

## IV.    The Interference of Others Did Not Excuse Defendant's Performance

**{17}**   Last, Defendant contends that performance of the agreement was excused by the interference of others and that the metropolitan court should not have considered certain testimony. These challenges essentially involve the admission of evidence or the weight that Defendant assumes the metropolitan court gave to the evidence. The admission of evidence is reviewed for abuse of discretion. *Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891. We do not reweigh evidence on appeal. *Robey*, 2017-NMCA-038, ¶ 10.

**{18}**   Defendant contends that Plaintiffs interfered with Defendant's work during and after Defendant's participation on the project. As we have noted, Plaintiff Touma testified that when he participated, it was at Defendant's direction, and the district court credited that testimony. Defendant maintains that he "could not control" Plaintiff Touma but does not deny that he directed Plaintiff Touma. Nor does Defendant either identify any specific action that Plaintiff Touma took that was contrary to Defendant's direction or establish that it was Plaintiff Touma's work that resulted in poor workmanship. The metropolitan court credited Plaintiff Touma's testimony, and we do not "substitute our judgment for that of the fact-finder." *Id.* (alteration, internal quotation marks, and citation omitted).

**{19}**   Defendant also argues that the metropolitan court should not have considered the testimony of two additional witnesses, a home inspector and a contractor. Assuming but not deciding that the testimony Defendant identifies should not have been considered, under all of the circumstances, this testimony is not grounds for disturbing the judgment. *See Hourigan*, 2001-NMCA-085, ¶ 21 ("[T]he complaining party on appeal must show the erroneous admission and exclusion of evidence was prejudicial in order to obtain a reversal." (internal quotation marks and citation omitted)). The home inspector witness's testimony that the floor was not level was corroborated extensively by Plaintiff Touma's testimony. Plaintiff Touma testified that he had put a level on the ground and had to put boards under it on one side until the level was balanced, a rolling chair rolled down the floor, and a worktable had to be constructed with uneven legs to sit on the floor. Plaintiff Touma testified that the floor is bumpy and uneven and

equipment, like a table saw, moves around and is difficult to use because it sits on only three legs instead of four. The contractor witness's testimony was largely related to a bid he prepared for services to demolish and rebuild the structure. The metropolitan court did not adopt that measure of damages and instead awarded Plaintiffs the amount that they had paid to Defendants. As a result, the contractor's testimony had little impact on the metropolitan court's determination. We therefore discern no prejudice and no abuse of the metropolitan court's discretion.

**CONCLUSION**

**{20}**　We affirm.

**{21}**　**IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**